**FILED**

**3:59 pm Jul 15 2025**

**Clerk U.S. District Court**
**Northern District of Ohio**
**Cleveland**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RAYMOND EDWARD VINCENT SAMPSON,** ) | |
| ) | **CASE NO. 1:25 CV 1440** |
| Plaintiff, ) | |
| ) | **JUDGE DAN AARON POLSTER** |
| vs. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| **LAKE COUNTY DOMESTIC** ) | |
| **RELATIONS COURT, et al.,** ) | |
| ) | |
| Defendants. ) | |

*Pro se* plaintiff Raymond Edward Vincent Sampson filed this civil rights action under 42 U.S.C. § 1983 against the Lake County Domestic Relations Court, Domestic Relations Court Judge Colleen A. Falkowski, Domestic Relations Court Magistrate Laurie Koerner, Lake County Juvenile Court Magistrate Janette Bell, Domestic Relations Court Magistrate Jeffrey Black, and Lake County Job and Family Services ("JFS"). (Doc. No. 1). Plaintiff appears to object to a domestic violence protection order and a no-contact order issued against him concerning his minor children. Plaintiff also filed a motion for the appointment of counsel (Doc. No. 3) and an emergency motion for injunctive relief seeking an order from this Court restoring contact and visitation with his minor children (Doc. No. 4).

Additionally, Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2), which the Court grants.

**I. Background**

Plaintiff's complaint contains very few facts. As best the Court can discern, Plaintiff and his former spouse, Lacie Sampson, were parties to divorce proceedings involving children in the Lake County Domestic Relations Court. Plaintiff alleges that Ms. Sampson removed their minor children from Plaintiff's care prior to any court orders to do so. At some point in time, Ms. Sampson filed a petition for a domestic violence protection order against Plaintiff, which the court granted. Plaintiff claims that Domestic Relations Court Magistrate Koerner permitted Plaintiff's minor son to testify in court against him and she denied Plaintiff the opportunity to cross-exam his son. Plaintiff claims that the Lake County Detention Center refused to transport Plaintiff to court, but Magistrate Koerner proceeded with the hearing without Plaintiff being present. Additionally, Plaintiff states that Lake County Juvenile Court Magistrate Bell issued a no-contact order against Plaintiff on July 11, 2023. (Doc. No. 1 at 1-2).

Plaintiff alleges that he was denied his due process rights, including the right to be heard in a meaningful manner, when he was refused transport to court; the "unlawful removal and continued separation" from his children constitute a violation of his "fundamental parental rights"; and Magistrates Koerner and Bell engaged in judicial misconduct and bias by assisting his former spouse and "ma[king] rulings without due process." (*Id.* at 2).

Plaintiff asks the Court to enter judgment in his favor and against all defendants. He also seeks compensatory relief.

**II. Standard of Review**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct.

594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

Plaintiff's complaint attaches several exhibits in support of his allegations. "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed.

-3-

R. Civ. P. 10(c). The Court will, therefore, consider Plaintiff's exhibits. *Campbell v. Nationstar Mortg.*, 611 F. App'x 288, 292 (6th Cir. 2015) ("The federal rules treat [exhibits attached to the complaint] as part of the pleadings.").

### III. Discussion

Plaintiff's complaint appears to stem from state court proceedings, in the Lake County Domestic Relations Court and the Lake County Juvenile Court, and concerns the decisions made in connection with the state court cases, including a domestic violence protection order and a no-contact order regarding Plaintiff's minor children. To the extent Plaintiff is challenging the state courts' orders and asking this Court to vacate the state court judgments against him and enter judgment in his favor, the *Rooker-Feldman* doctrine bars this Court's consideration of his claims.

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim,

the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury appears to be the issuance of the domestic violence protection order and the no-contact order concerning Plaintiff's ability to visit his minor children, and he asks the Court to vacate the state court orders and enter judgment in his favor. This Court lacks jurisdiction to review the state court judgments and grant Plaintiff's requested relief.

To the extent Plaintiff seeks to relitigate the issues already decided in the Domestic Relations Court or the Juvenile Court proceedings in the federal courts in the hope of obtaining a different result, his claims are barred by *res judicata*.

The term "res judicata" literally means "a matter [already] judged." *Res Judicata*, BLACK'S LAW DICTIONARY (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party

-5-

from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Here, the issues concerning Plaintiff's domestic violence protection order and the no-contact order concerning his minor children were previously decided in the Lake County Domestic Relations Court and the Lake County Juvenile Court. And Plaintiff raised, or had the opportunity to raise, his federal claims in the state court proceedings. The Court must give full faith and credit to the state court judgments.

To the extent Plaintiff's state court proceedings are still pending, the Court must abstain from hearing challenges to these state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). When an individual is the subject of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, the *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state

proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45). Abstention is mandated where federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44. Additionally, the principles expressed in *Younger* apply to ongoing state civil and criminal proceedings. *Watts*, 854 F.2d at 844.

Regarding the third requirement of *Younger*, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979). The plaintiff bears the burden of demonstrating that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil Co.*, 481 U.S. at 15; *see also Szarell v. Summit Cty. Ct. of Common Pleas*, No. 5:18 CV 2975, 2019 U.S. Dist. LEXIS 142061, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim).

Here, if the state court proceedings in Domestic Relations Court or Juvenile Court are still pending, all three factors supporting abstention are present. State court proceedings involving domestic relations and child custody, visitation, or support matters implicate important state interests. *See Butterfield v. Steiner*, No. C2-01-1224, 2002 U.S. Dist. LEXIS 19057, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently

recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]") (citing *Moore v. Sims*, 442 U.S. 415, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979)). And there is no suggestion in the complaint that any purported claim in this federal lawsuit is barred in the state action. The Court must therefore abstain from interfering with Plaintiff's pending state court proceedings.

Even if this Court had jurisdiction over Plaintiff's claims, Plaintiff cannot state a claim for relief against the Lake County Domestic Relations Court or the Lake County JFS, because neither entity is capable of being sued for civil rights violations under 42 U.S.C. § 1983. Absent express statutory authority, courts are not *sui juris*, meaning they are not an entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-cv-00123, 2018 U.S. Dist. LEXIS 93697, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018) (finding Common Pleas Court was not *sui juris*). And the Lake County JFS is a department or agency of Lake County and is therefore not *sui juris* and cannot be sued in its own right. *See Loper v. Cuyahoga County Children and Family Services*, No. 1: 18 CV 1598, 2019 WL 1597552, 2019 U.S. Dist. LEXIS 64375, at *4 (N.D. Ohio May 15, 2019) (the Cuyahoga County Department of Children and Family Services is a department or agency of Cuyahoga County and is not *sui juris* and cannot be sued in its own right).

To the extent Plaintiff's complaint can be construed as claims against Lake County, Plaintiff fails to state a claim. Section 1983 does not permit a plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff may only hold a local

government entity liable under Section 1983 for the entity's own wrongdoing. *Id.* A local government entity violates Section 1983 when its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* at 694. To state a claim for relief against a municipality under Section 1983, Plaintiff must: "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that [his or] her particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir.1993)). Here, Plaintiff does not allege the existence of any policy or custom of Lake County concerning the claimed constitutional violations or that any county custom or policy caused his purported injuries. Plaintiff therefore fails to state a claim against Lake County.

Finally, Judge Falkowski, Magistrate Koerner, Magistrate Bell, and Magistrate Black are immune from suit. It is well established that judicial officers are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v.*

*Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, Plaintiff gives no indication that Judge Falkowski, Magistrate Koerner, Magistrate Bell, and Magistrate Black were acting in any capacity other than that of a judicial officer when the conduct alleged in the complaint occurred. Further, Plaintiff appears to object to decisions that the judge and magistrates made in connection with the Domestic Relations Court and the Juvenile Court proceedings. Decisions concerning pending motions and pretrial and trial proceedings are all actions typically performed by judicial officers in state court matters. Plaintiff has therefore not established that these judicial officers acted clearly outside of the subject matter jurisdiction of the court over which they preside. Judge Falkowski, Magistrate Koerner, Magistrate Bell, and Magistrate Black are therefore absolutely immune from damages in this action.

### IV. Conclusion

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), DENIES Plaintiff's motion for the appointment of counsel (Doc. No. 3) and emergency motion for injunctive relief (Doc. No. 4), and DISMISSES the action pursuant to 28 U.S.C. §1915(e).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

-10-